# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>BRIAN DAVID MITCHELL, et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08CR125DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Brian David Mitchell's Motion Requesting Additional Question on Supplemental Juror Questionnaire. The motion has been fully briefed by the parties. The court does not believe that a hearing would significantly aid in its determination of the issue. Accordingly, the court issues the following Memorandum Decision and Order based on the arguments advanced in the parties' memoranda and the law and facts applicable to the motion.

DISCUSSION

Because of the possibility that potential jurors may harbor a misconception that a not guilt only by reason of insanity verdict allows the Defendant to be released from custody, Defendant seeks to ask potential jurors in this case what they think happens to a person who is found not guilty by reason of insanity. The United States opposes this question because a jury is not to consider the possible consequences of its verdict.

Voir dire is intended to be the means by which the court can ensure that it has seated an

impartial jury. There are no specific dictates for a constitutionally adequate voir dire because each case presents unique circumstances. Generally, however, courts recognize that "[a] suitable inquiry is permissible in order to ascertain whether the juror has any bias, opinion, or prejudice that would affect or control the fair determination by him of the issues to be tried." *Neely v. Newton*, 149 F.3d 1074, (10th Cir. 1998). "The more the case is likely to arouse the prejudices of prospective jurors, the more elaborate and searching must be the trial court's voir dire." *United States v. Baker*, 638 F.2d 198, 201 n.1 (10th Cir. 1980). Another recognized purpose of voir dire is to remove prospective jurors who will not be able to follow the court's instructions impartially. *See Morgan v. Illinois*, 504 U.S. 719, 730 (1992). The Tenth Circuit has explained that the "function of voir dire is to lay the predicate for both the judge's and counsel's judgment about the qualifications and impartiality of potential jurors. Without an adequate foundation, counsel cannot exercise sensitive and intelligent peremptory challenges." *Baker*, 638 F.2d at 200-01.

It is undisputed that the not guilty only by reason of insanity defense is an issue to be tried in this case. It is also undisputed that the court will instruct the jury not to let considerations of the possible consequences to Defendant enter into their deliberations of the proper verdict. Although the court will instruct the jury not to be concerned with the possible consequences of its verdict, such an instruction does not preclude Defendant from ascertaining whether a potential juror has a bias that would preclude him or her from following that instruction. The court often allows voir dire questions designed to determine whether a potential juror can impartially comply with the court's instructions. This court regularly instructs jurors in a criminal case that the testimony of a police officer is not entitled to additional weight, yet the court always inquires in voir dire if a potential juror is related to a police officer. The court also instructs the jury that

everyone is equal in the eyes of the law, but that instruction does not preclude questioning in voir dire designed to determine potential racial or ethnic prejudices.

As the court determining the proper scope of voir dire in the first instance, this court is in a position to allow questions that can demonstrate potential biases or beliefs that could improperly influence a proper verdict. The court sees no harm in determining up front whether there are potential jurors who are so colored by their misconception that a not guilt by reason of insanity verdict allows Defendant to be released from custody that such a misconception would enter into their deliberations of the proper verdict. The court views Defendant's question as merely a means of determining whether a potential juror will be able to follow the court's instructions to disregard the possible consequences to Defendant during jury deliberations. Thus, in the initial questionnaire, the court believes it is appropriate to add an additional question regarding the juror's ability to put aside their understanding of the consequences in reaching a proper verdict. If a potential juror cannot follow the court's instructions to disregard the consequences, that juror should not serve on the jury.

Given the breadth of questions potential jurors are being asked to answer in the initial questionnaire, the court does not find that inquiry into this area will unduly focus the jury on the consequences of a not guilty only by reason of insanity verdict. Also, the court believes that by immediately asking a follow up question indicating that the jury will be instructed not to consider consequences in reaching a proper verdict, the question regarding the juror's factual belief as to consequences is less likely to confuse the jurors of their proper role. Moreover, the actual jury selected for the case will be instructed just prior to deliberations not to consider the consequences of any given verdict in their deliberations.

Although the Tenth Circuit in the *Neely* case determined that the trial court's failure to allow a voir dire question regarding the potential jurors' understandings of the consequences of a not guilty by reason of insanity verdict did not render the trial fundamentally unfair, the court was not determining the appropriate voir dire in the first instance. *See Neely*, 149 F.3d at 1084. Rather, the court was reviewing the matter under the heightened standard for habeas review. Moreover, appellate courts are required to give broad discretion to the trial judge's determinations with respect to voir dire. Thus, in making a determination as to the appropriate questions for voir dire, this court finds that appellate cases reviewing whether it was constitutional error to preclude certain voir dire questions provide little guidance.

The government contends that it is speculative to assume that potential jurors may believe that a defendant found not guilty by reason of insanity is released from custody. But the time to find out whether such a misconception exists is during voir dire. In *Neely*, a potential juror stated that exact misconception during voir dire and the court referenced another case in which a potential juror said the same thing. 149 F.3d at 1084. The court cannot agree that a misconception that has been present in at least two reported cases is too speculative to ignore. Moreover, the court sees no harm in identifying whether the misconception exists with the potential jurors in this case.

The government also argues that gaining information as to potential jurors' possible misconceptions could somehow give Defendant an advantage in seating a jury. The court disagrees. If voir dire can exclude jurors who would let a mistaken belief influence their verdict despite the court's instruction otherwise, it does not slant the jury in Defendant's favor. It merely excludes improper influences on the jury.

After fully considering the issue, the court determines that, in addition to the questions already agreed to by the parties, it will ask potential jurors the following questions regarding the not guilty only by reason of insanity defense:

1. Do you know what will happen to Defendant if the jury reaches a verdict of not guilty by reason of insanity? Yes or No. If yes, please explain what you think will happen.

2. If you become a juror in this case and the court instructs you that in your deliberations of a proper verdict you may not consider what will happen to Defendant if the jury reaches a verdict of not guilty by reason of insanity, would you have difficulty complying with that instruction? Yes or No. If yes, please explain.

3. If the facts at trial show that Defendant was insane at the time of the crime, could you follow the court's instructions and find him not guilty by reason of insanity? Yes or No. If no, please explain.

## CONCLUSION

Based on the above reasoning, Defendant's Motion Requesting Additional Question on Questionnaire is GRANTED.

DATED this 27th day of September, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge