# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRIAN DAVID MITCHELL, et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08CR125DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Defendant Brian David Mitchell's Motion to Transfer Venue pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 21(a) of the Federal Rules of Criminal Procedure, and the court's general supervisory powers. The court issued a Memorandum Decision and Order on August 16, 2010, denying Defendant's motion on constitutional grounds and reserving ruling on the motion under Rule 21 of the Federal Rules of Criminal Procedure. The court decided to reserve ruling on the motion under Rule 21 until it had reviewed the responses to juror questionnaires that were scheduled to be completed one month prior to trial. The court has now reviewed all of the completed questionnaires. The court also requested counsel to submit supplemental briefing on the change of venue motion after receiving the completed juror questionnaires. The parties have both filed their supplemental memoranda. The court does not believe that any additional oral argument would aid in its determination of the motion. Accordingly, the court enters the following

Memorandum Decision and Order based on the parties' original and supplemental memoranda, their arguments at the prior hearing, the court's review of the completed juror questionnaires, and the law and facts relevant to the motion.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 21 provides that, "[u]pon defendant's motion, the court must transfer the proceeding . . . to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). As previously recognized by this court, Rule 21 is directed to the sound discretion of the court and is a preventative measure to ensure that the defendant will receive a fair and impartial trial. Under the Rule 21 standard, "it is the well-grounded fear that the defendant will not receive a fair and impartial trial which warrants the application of the rule." *United States v. Marcello*, 280 F. Supp. 510, 514 (E.D. La. 1968).

## DISCUSSION

The issue before the court is whether Defendant's survey results coupled with the completed juror questionnaires satisfy the court that Defendant cannot obtain a fair and impartial trial in this district due to juror prejudice. Defendant asserts that the responses to the juror questionnaires are consistent with the prior survey results. The court's prior Memorandum Decision and Order detailed the court's concerns with the inadequacies of the survey data. This Order, therefore, will focus on the data from the completed juror questionnaires.

After excusing potential jurors for hardship, 330 potential jurors filled out preliminary juror questionnaires. After reviewing the data from the juror questionnaires, the court concludes that Defendant will be able to obtain a fair and impartial jury. First, the court does not see a

significant prejudice against Defendant in general or as a result of media coverage. While the only means for most of the potential jurors to have any information about the case is through the media, most potential jurors stated that they view the accuracy of news reporting with some skepticism and do not use it as the sole basis for forming their opinions. The court finds it significant that even though there have been numerous articles related to this case, most respondents have seen less than ten articles or stories about Defendant. Based on the responses to the juror questionnaires, the court does not believe that media coverage in this venue has prejudiced the jury pool.[1]

In addition, the questionnaires did not contain an undue amount of animus toward Defendant. In any case involving an alleged sexual assault of a minor, the court would expect to see some potential jurors with strong feelings. While potential jurors had more exposure to this case due to media coverage, the responses to the questionnaire did not reflect a significant increase in hostility. The majority of responses were measured and thoughtful. Most of the potential jurors limited their responses regarding the case to what they believed they had seen for themselves, such as news footage of Defendant singing in the courtroom. Many also qualified

---

[1] In the court's prior Memorandum Decision and Order on Defendant's change of venue motion, the court reviewed the media coverage to date and found that it was generally even-handed to the defense and the prosecution. The court notes, however, that the recent article published by the Salt Lake Tribune regarding the change of venue motion is the only entirely one-sided article the court has seen during the pendency of this litigation. The government and the defense both filed supplemental memoranda on the change of venue motion on October 12, 2010. The Tribune article published the next day relied solely on the arguments in the government's memorandum, failed to clearly state where the reporter was getting the information, and did not mention any of the arguments in Defendant's memorandum. Despite the obviously one-sided nature of the article, the court finds no prejudice to Defendant given that it was only one article and this court has already instructed the potential jurors in this case not to view any news coverage relating to the case.

their answers or recognized that they had only heard information through the media. Many also stated that they were unsure, did not have enough information to respond, or limited comments to matters not directly involving issues of guilt or innocence.

While some jurors appear to have pre-judged the issues in the case, there are far more who have not. Defense counsel provided the court with an index of jurors they believe have conclusively pre-judged guilt and/or will not consider an insanity defense. The court disagrees with a majority of these characterizations. Defense counsel seeks to excuse for cause any juror who identifies Defendant as any way connected to the facts of the case. However, a potential juror who states the fact that Elizabeth Smart was found with Defendant has not necessarily pre-judged guilt or insanity. A juror need not be completely ignorant of the facts to be qualified to serve on the case. Even applying Defendant's standards for removing a potential juror for cause, the court has found several potential jurors who should not be on Defendant's list because their answers make no mention at all of Defendant in connection with the alleged crime or victim. The court concludes that a majority of the potential jurors Defendant seeks to have excluded cannot accurately be characterized as having pre-judged the case or not willing to consider an insanity defense and, rather, should be questioned further in individual voir dire. Moreover, Defendant also fails to address the fact that even if the court were to agree with Defendant's extremely restrictive method for determining which jurors to excuse for cause, over one hundred potential jurors would still be available for individual voir dire.

In connection with determining whether a potential juror has pre-judged the case, Defendant argues that the court has inappropriately focused on the insanity defense. Defendant asserts that for purposes of determining a proper venue under Rule 21 the court should focus

more on whether potential jurors have concluded that Defendant is factually guilty. While the court recognizes that the government has the burden of demonstrating factual guilt, the court continues to believe that the main focus of the trial will be on the insanity defense and, as such, the focus in determining prejudice should be on whether potential jurors are open to considering Defendant's insanity defense. Nonetheless, based on the responses to the questionnaire, the court finds no substantial prejudice against Defendant on either factual guilt or the insanity defense. Many more jurors than are necessary to seat a jury appear to be undecided or open-minded on both questions. Therefore, the court is not satisfied that there is prejudice in the potential jury pool that is so great that it would require a change of venue to afford Defendant a fair and impartial jury.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Change Venue, which this court previously denied under the constitutional standards of presumed prejudice, is also denied under the standards set forth in Federal Rule of Criminal Procedure 21.

DATED this 21st day of October, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge