# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>BRIAN DAVID MITCHELL, et al.,<br><br>      Defendants. | MEMORANDUM DECISION<br>AND ORDER DENYING STAY<br><br>Case No. 2:08CR125DAK<br><br>Judge Dale A. Kimball |

   This matter is before the court on Defendant Brian David Mitchell's Motion for Stay of Trial Pending Adjudication of Petition for Writ of Mandamus pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A). Defendant seeks to stay the trial scheduled to begin November 1, 2010, pending the Tenth Circuit Court of Appeals' determination of Defendant's Petition for Writ of Mandamus which challenges this court's prior orders denying a transfer of venue. On August 16, 2010, this court issued a Memorandum Decision and Order denying Defendant's change of venue motion on constitutional grounds and reserving ruling on the motion under Rule 21 of the Federal Rules of Criminal Procedure. On October 21, 2010, this court issued a Memorandum Decision and Order denying Defendant's change of venue motion under Rule 21. Defendant seeks review of this court's change of venue rulings by the Tenth Circuit pursuant to the All Writs Act, 28 U.S.C. § 1651.

   Under Rule 8 of the Federal Rules of Appellate Procedure, a motion to stay pending

appeal must ordinarily be made first in the district court. *See* Fed. R. App. P. 8(a)(1). The court cannot conclude that Defendant has a likelihood of success on the merits of his mandamus petition. The court has fully analyzed the change of venue motion in two previous orders. The court and parties have also put into place an elaborate method for selecting a fair and impartial jury, including the completion of an extensive 41-page questionnaires one month prior to trial and individual voir dire at the start of trial. Again, the court's careful review of all 330 completed questionnaires did not satisfy the court that the jury pool in Utah is prejudiced against Defendant.

In his motion to stay, Defendant states that this court had a non-discretionary duty to transfer the case because any reasonable court would have been satisfied that so great a prejudice exists in this district that Defendant cannot receive a fair and impartial trial. But Rule 21's language is clearly discretionary. These determinations are intensively fact-specific to the given case. It was the lack of case-relevant, fact-specific information in Defendant's surveys that caused this court to delay its ruling under Rule 21 until it could review the completed questionnaires. Defendant's disagreement with this court's analysis does not transform Rule 21 into a non-discretionary, less fact-intensive, rule. Case law cited to and relied on by Defendant in his change of venue motion clearly states that Rule 21 is left to the sound discretion of the court.

Defendant further asserts that Defendant will be irreparably harmed in the absence of a stay because a failed attempt to select a jury would cause widespread comment. The court previously addressed that issue in its first order on the change of venue motion. The court delayed its ruling under Rule 21 to allow it to review the completed questionnaires. If the questionnaires had shown that there would be difficulty in selecting a jury, the court's ruling to

transfer venue would not have been any more prejudicial than making the ruling in its first order. However, the court's review of the questionnaires demonstrated that a fair and impartial jury can be seated in this case in this district. The court is confident that there will be no need to begin the process anew in another district. Thus, the court finds no basis for concluding that Defendant will suffer irreparable harm in the absence of a stay.

Defendant further argues that a delay of the trial to allow the Tenth Circuit to resolve the legal issues raised by Defendant is reasonable. This court, however, has had the November 1, 2010 trial date set since March 12, 2010, which provided more than adequate time to prepare for trial. This case has been pending since March 5, 2008. The court gave counsel eight months to prepare for trial, with the only significant motion to be considered during that time being the change of venue and with most of the factual preparations already completed as a result of the two-week evidentiary hearing on Defendant's competency last December.

The court believes that in determining whether a delay in the trial is reasonable, it is also appropriate to consider the significant time and resources the court and parties have invested into preparations for this trial date. In preparation for the November 1, 2010 trial, the court has summoned 600 potential jurors in order to have 500 potential jurors attend sessions to fill out the initial 41-page juror questionnaires. Of the 500 potential jurors who arrived to complete the questionnaire, 170 were excused for hardship reasons that would occur during the November 1, 2010 to December 10, 2010 trial period. The remaining 330 jurors were available to serve during the scheduled trial dates of November 1, 2010 to December 10, 2010. If the court were to move the trial dates, it would be required to reevaluate hardship for the new trial period. For example, if the trial is delayed even two weeks, it would cause the trial to conclude on December 24, 2010.

A Christmas eve conclusion to the trial could cause many more additional hardships due to nonrefundable travel plans.  Moreover, if the trial is delayed into January, these jurors will be excused from service and the court would need to start the process over.  The potential jurors for this trial have only been summoned from October 1, 2010 to December 31, 2010.  Even if this court could extend the jurors' service period, the court could face innumerable changes with hardship excuses.  The court spent significant funds to summon jurors and have the initial juror questionnaires filled out.  To restart that process would severely limit this court's ability to hold other trials in this fiscal year.  While the court does not believe that financial concerns can or should dictate the outcome of a motion to stay, it is one factor that, at least in this case, must undoubtedly be weighed.

In addition, given that trial is less than one week from beginning, a delay would impact both parties' witnesses as well.  This case has several expert witnesses scheduled to testify and at least one witness traveling from outside the country.  Hundreds of potential jurors and over 50 witnesses will be impacted by moving the trial date.

Defendant asserts that his petition for mandamus is filed within days of the court's final ruling on the change of venue motion.  The court does not take issue with its timeliness in relation to the court's October 21, 2010 Memorandum Decision and Order, but does question whether Defendant could not have filed his petition when the court entered its initial ruling denying the change of venue motion under constitutional standards on August 16, 2010.  At that time, it was apparent that the court and Defendant disagreed on whether prejudice should be determined by focusing on factual guilt, i.e. the number of people stating that Defendant took or kidnaped Ms. Smart, or legal guilt, i.e. the number of people who have an opinion on

Defendant's mental state at the time of the crime. The Tenth Circuit could have determined such a dispute after the initial ruling with several months before the scheduled trial. The court's ruling on Rule 21 grounds and the court's review of the completed questionnaires was not necessary for a review of that dispute. The court's determination on Rule 21 grounds focused on the factual details provided in the initial juror questionnaires. This court, however, has not been provided with a copy of Defendant's Petition for Mandamus that was filed with the Tenth Circuit. Therefore, this court cannot adequately comment on whether certain arguments that may be in Defendant's Petition were timely asserted. The court, however, finds that a delay in the trial is not a reasonable request .

## CONCLUSION

Based on the above reasoning, Defendant's Motion For Stay of Trial Pending Adjudication of Petition for Writ of Mandamus to Change Venue is DENIED. The Clerk of Court is directed to provide a copy of this Memorandum Decision and Order to the Tenth Circuit Court of Appeals.

DATED this 26th day of October, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge