IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | Case No. 2:08CR125DAK |
| BRIAN DAVID MITCHELL, et al., | Judge Dale A. Kimball |
| Defendants. | |

This matter is before the court on Defendant Brian David Mitchell's Motion Requesting Entry of Judgment of Acquittal as to Count Two Pursuant to Fed. R. Crim. P. 29(a). Defendant filed the motion at the close of the United States' case-in-chief. The government has filed an opposition to the motion. Based on those filings, the evidence presented at trial, and the applicable law, the court enters the following Memorandum Decision and Order denying the motion.

Under Rule 29 of the Federal Rules of Criminal Procedure, at the close of the government's evidence, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Rule 29 further provides that "[t]he court may on its own consider whether the evidence is insufficient to sustain a conviction." *Id.* In considering whether the evidence is sufficient, the court must view "the evidence in the light most favorable to the government" and determine

whether, taking all the evidence and reasonable inferences to be drawn therefrom, "any rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004); *United States v. McKissick*, 204 F.3d 1282, 1289 (10th Cir. 2000).

Count Two of the Indictment charges Defendant with a violation of 18 U.S.C. § 2423. Under Section 2423 it is a crime to "knowingly transport an individual who has not attained the age of 18 years in interstate . . . commerce . . . of the United States, with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423. The parties agree that illegal sexual activity must not have been merely incidental to the trip. To prove a violation of Section 2423, the government must establish beyond a reasonable doubt that a significant, or dominant, or motivating purpose of the transportation of Elizabeth Smart from Utah to California was that Elizabeth Smart would engage in illegal sexual activity.

Defendant cites the Seventh Circuit's explanation that "the immorality must motivate the transportation." *United States v. Wolf*, 787 F.2d 1094, 1097 (7th Cir. 1986). But the Tenth Circuit has explained that there can be several motivations for the transportation. In *United States v. Meacham*, 115 F.3d 1488 (10th Cir. 1997), the Tenth Circuit addressed the requirements of Section 2423 in circumstances involving a commercial truck driver. The truck driver took the victim across state lines on his commercial lines and sexually abused her. *Id.* at 1495. The truck driver argued on appeal that he made the interstate trips primarily for business purposes and, therefore, the sexual abuse was not a dominant purpose for the trip. *Id.* The court rejected the argument on the grounds that "illicit sexual activity need not be the only purpose for the

2

interstate travel; it is sufficient if it was one of defendant's 'efficient and compelling purposes.'"
*Id.*

The government has presented sufficient evidence for a rational juror to conclude that illicit sexual activity was one of the efficient and compelling purposes of Defendant's transportation of Elizabeth Smart from Utah to California. Defendant argues that his motivations for transporting Ms. Smart to California were more favorable weather during the winter and to obtain more wives and neither of those demonstrate an immoral purpose with respect to Ms. Smart. But Ms. Smart testified that Defendant intended to treat her as his wife in California, which included continued sexual abuse and, in the event that new wives were acquired, Ms. Smart demonstrating sex for the new wives.

Ms. Smart testified that Defendant raped her within twenty-four hours of arriving in California and daily thereafter. Defendant argues that this behavior is consistent with the sexual abuse that occurred in Utah and that he did not need to transport Ms. Smart to California to engage in such behavior. However, there is evidence that Defendant was concerned with Ms. Smart being discovered in Utah, went to efforts to disguise her identity, and that he believed it was urgent to travel to California after they had an encounter with a police officer in the Salt Lake public library. It is reasonable to infer that he wanted to avoid detection so the abuse would continue. And, as stated above, Ms. Smart testified that he intended her to continue to engage in what he defined as her wifely duties when they reached California.

It is not necessary for the government to prove that the sexual activity was the sole or primary purpose for transporting Ms. Smart from Utah to California. The court agrees with the government's assertion that a person may have several different purposes or motives for such

3

travel and each may prompt, in varying degrees, the act of making the journey. The case law only requires illicit sexual activity to be one of the efficient and compelling purposes of the interstate travel. Defendant's arguments regarding the sufficiency of the evidence do not view the evidence in a light most favorable to the government as this court must on a Rule 29 motion. Defendant's arguments are more appropriate for closing arguments to the jury than for a judgment of acquittal at this stage of the proceedings.

## CONCLUSION

Based on the above reasoning, Defendant Brian David Mitchell's Motion Requesting Entry of Judgment of Acquittal as to Count Two Pursuant to Fed. R. Crim. P. 29(a) is DENIED.

DATED this 17th day of November, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge