STEVEN B. KILLPACK, Federal Defender (#1808)
ROBERT L. STEELE, Assistant Federal Defender (#5546)
PARKER DOUGLAS, Assistant Federal Defender (#8924)
WENDY M. LEWIS, Assistant Federal Defender (#5993)
AUDREY K. JAMES, Attorney at Law (#9804)
**UTAH FEDERAL DEFENDER OFFICE**
Attorney for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah   84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

___

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN DAVID MITCHELL<br><br>Defendant. | **DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Case Nos. 2:08 CR 125 DAK |

Defendant, Brian David Mitchell, by and through his attorneys of record, Robert L. Steele, Parker Douglas, Audrey James, and Wendy Lewis, submits the following Sentencing Memorandum.

### I.  <u>FACTORS TO CONSIDER WHEN EVALUATING GOVERNMENT'S REQUEST FOR UPWARD DEPARTURE</u>

Mr. Mitchell asks the Court to sentence him within the appropriately calculated guideline range and to not grant the government's motion for upward departure based on the grounds a court may look to when considering a departure as listed below.

A.   **Mental Health Grounds for Departure (Pursuant to U.S.S.G. § 5H1.3 & 5K2.0)**

Generally, under U.S.S.G. § 5H1.3 the defendant's mental and emotional condition are not relevant to sentencing. However, in extraordinary circumstances district courts may properly consider a defendant's mental health when considering either an upward or downward departure, if the mental and emotional conditions contributed to the defendant's commission of the offense. *United States v. Rivera*, 192 F.3d 81, 85 (2nd Cir. 1999). *Cited with approval by United States v. Browning*, 252 F.3d 1153 (10th Cir. 2001); *see also United States v. Nowicki*, 252 F. Supp. 2d 1242, 1247 (D.C. N.M. 2003).

During the course of the federal litigation four mental health professionals opined that Mr. Mitchell had a severe mental illness somewhere within the psychotic spectrum. Two mental health professionals opined that he had extreme versions of two different Axis II mental diseases. Dr. Gardner never endorsed the notion that Mr. Mitchell was malingering any mental disease or defect. Dr. Welner endorsed malingering as it related to competency but not as it related to any issue at trial. All of them explained his offense behavior as at least in part generated by these mental health conditions. The jury noted in its press conference that all of them thought that Mr. Mitchell had some sort of mental health problem but decided that he was not insane at the time of the offense, because the mental disease or defect, whatever it might be, did not interfere with his ability to understand the nature of what he was doing and that it was wrong. The record, of which this Court is fully aware, amply supports the position that Mr. Mitchell suffers from a mental condition that contributed at least in part to his commission of the offense.

### B.   Physical Health (Pursuant to U.S.S.G. § 5H1.4 & 5K2.0)

Generally, under U.S.S.G. § 5H1.4 the defendant's physical condition is not relevant to sentencing; however, in extraordinary circumstances district courts may properly consider a defendant's physical health when considering either an upward or downward departure. See U.S.S.G. § 5H1.4; *and see United States v. Collins*, 122 F.3d 1297 (10th Circuit 1997). In *U. S. v. Collins*, 122 F.3d 1297, 1307 (10th Cir. 1997) the Tenth Circuit applied a departure based on 64 year old defendant's medical problems, which included heart disease, high blood pressure, ulcers, arthritis, and prostatitis.

Mr. Mitchell had a seizure that sent him to the hospital on December 29, 2009, shortly after the end of the competency hearing. Those seizures have continued unabated every four to six weeks since that time, including one that happened in front of this Court during the trial. The medical records concerning these episodes are attached to this memorandum in a sealed addendum. Not all of the seizures have been recorded because Mr. Mitchell can now sense when they are coming on and he can sit or lay down thus avoiding falls leading to injury. A letter from a neurologist who has reviewed these records will be supplied to the Court, when it becomes available.

### C.   Conclusion

Based on these factors in combination in that the defendant has an extraordinary combination of medical conditions and mental health issues, Mr. Mitchell asks this Court to sentence him within the recommended guideline range as properly calculated. In *U. S. v. Slater,* 971 F.2d 626, 634 (10th Cir. 1992) the Court considered defendant's mental retardation,

spondlosis, scoliosis, and major depressive disorder in combination, when considering a departure.  *See also*  U.S.S.G. § 5K2.0(c).

## II. § 3553(a) FACTORS TO CONSIDER WHEN EVALUATING GOVERNMENT'S REQUEST FOR VARIANCE

A. This Court may consider Mr. Mitchell's mental and emotional health in attempting to fashion a reasonable sentence, even if it were to find that the causal link between the mental health problems and the crime cannot be clearly established.  *See United States v. Brady*, 417 F.3d 326,  p. 336 (2d Cir. 2005); *see also United States v. Gray,* 453 F.3d 1323 (11 Cir. 2006); *and  Pallowik* at 927-30. See I.A. above.

B. This Court may consider Mr. Mitchell's physical health in attempting to fashion a reasonable sentence.  *See U.S. v Ryder*, 414 F.3d 908, 920 (8th Cir. 2005) allowing for the consideration of health related circumstances that did not rise to the level of departures in fashioning a reasonable sentence below the guideline range.  See I.B. above.

## III. CONCLUSION

Based on all of the above, a sentence within the correctly calculated guideline range is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a).  *Kimbrough* at 570.

## IV. REQUEST FOR RECOMMENDATIONS

Mr. Mitchell asks that the Court do the following:

A. waive any fine; and

B.   recommend that his physical and mental health be considered, when designating him to a particular institution within the Bureau of Prisons, even if the Court decides that Mr. Mitchell's mental and physical health problems do not rise to the level of prohibiting the government's upward departure or variance . *[Counsel requests that the Court attach all of Mr. Mitchell's medical records and the letter from the neurologist to the Presentence Report so that they will be provided to the Bureau of Prisons for this very purpose.]*

RESPECTFULLY SUBMITTED this 17th day of May, 2011.

/s/ Robert L. Steele
ROBERT L. STEELE
Assistant Federal Defender

**CERTIFICATE OF DELIVERY**

      I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S SENTENCING MEMORANDUM** was mailed or hand delivered to all parties named below on this 17th day of May, 2011:

Felice John Viti
Dave Backman
Diana Hagen
Alicia Cook
United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, Utah 84111

Michael P. O'Brien
Ryan M. Harris
Shane J. Shumway
Jones Waldo Holbrook & McDonough

Wendy White
United States Probation Officer
350 South Main Street, Room 160
Salt Lake City, UT 84101

                                                /s/ K. Harris
                                                UTAH FEDERAL DEFENDER OFFICE